# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 29, 2026

```
* * * * * * * * * * * * * *    *
CHRIS SULLIVAN and MICHELLE    *
ROUTHIER, representatives of the   *
estate of C.S.,                 *
                                *
            Petitioners,        *     No. 23-670V
                                *
v.                              *     Special Master Young
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * * *    *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioners.
*Jay Travis Williamson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On May 5, 2023, Chris Sullivan and Michelle Routhier ("Petitioners") filed a petition on behalf of C.S., a minor child, for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No. 1. Petitioners alleged that C.S. suffered a viral-strain measles infection as a result of the measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to C.S. on September 24, 2020. Am. Pet., ECF No. 33. Petitioners further alleged that C.S. died as the result of encephalitis which was caused by C.S.'s measles infection. *Id.* On January 27, 2026, Respondent filed his Rule 4(c) Report stating that Petitioners' claim was appropriate for compensation. ECF No. 49. Accordingly, on January 28, 2026, I issued a Ruling on Entitlement, finding that Petitioners are entitled to compensation. ECF No. 50.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 29, 2026, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 52. Based on the record as a whole, I find the Proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioners:

(1) A lump sum payment of $500,000.00, representing compensation for the statutory benefit for a vaccine-related death ($250,000.00) and pain and suffering ($250,000.00), in the form of an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioners, as legal representatives of the estate of C.S.

(2) A lump sum payment of $336.31, representing compensation for satisfaction of the State of California Medicaid lien, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to the Department of Health Care Services at the following address:

Department of Health Care Services
Recovery Section, MS 4720
P.O. Box 997425
Sacramento, CA 95899-7425

Proffer at 2–3.

I approve the requested amount for Petitioners' compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHRIS SULLIVAN and MICHELLE ROUTHIER, representatives of the estate of C.S., <br><br>         Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>         Respondent. | No. 23-670V <br> Special Master Young <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 5, 2023, Chris Sullivan and Michelle Routhier ("petitioners"), as legal representatives of the estate of their deceased child, C.S., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 et seq. ("Vaccine Act" or "Act").  Petitioners alleged that C.S. suffered a viral-strain measles infection as a result of the measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to C.S. on September 24, 2020.  *See generally* Amended Petition.  Petitioners further alleged that C.S. died as the result of C.S.'s measles infection.  *Id*.

On January 27, 2026, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for Vaccine-Strain Measles Viral Disease in an immunodeficient recipient, and that C.S.'s death is vaccine-related.  ECF No. 49.

## I.    Items of Compensation

### A.    Death Benefit

Respondent proffers that petitioners should be awarded **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death.  *See* 42 U.S.C. § 300aa-15(a)(2).  Petitioners agree.

### B.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$250,000.00** for C.S.'s pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

### C.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of California Medicaid lien in the amount of **$336.31**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of petitioners from the date of C.S.'s eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 24, 2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioners should be made through two lump sum payments described below, and request that the Special Master's decision and the Court's judgment award the following:

2

A.    A lump sum payment of $500,000.00 to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners, as legal representatives[1] of the estate of C.S.; and

B.    A lump sum payment of $336.31, representing compensation for satisfaction of the State of California Medicaid lien, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Department of Health Care Services at the following address:

Department of Health Care Services
Recovery Section, MS 4720
P.O. Box 997425
Sacramento, CA 95899-7425

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

---

[1]  If for some reason petitioners are not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of C.S. at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of C.S. upon submission of written documentation of such appointment to the Secretary.

3

*s/ J. Travis Williamson*
J. TRAVIS WILLIAMSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:    (202) 598-1099
Email: jay.t.williamson@usdoj.gov

DATED: January 29, 2026

4